UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES BATTLE, | ) | CASE NO. C05-1365-TSZ-MAT |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| STATE OF WASHINGTON, et al., | ) | |
| Defendants. | ) | |

Plaintiff presented to this Court for filing a proposed civil rights complaint under 42 U.S.C. § 1983. (Dkt. 1.) In the case caption, plaintiff names the "State of Washington; Department of Corrections" and "Reynolds Work Release" as defendants. In the body of the complaint, plaintiff also lists Debra Holly, Chris Baker, Tonya Wick, and West Central Records Office as defendants. The proposed complaint raises issues regarding plaintiff's confinement by the Department of Corrections. He seeks release from custody and monetary relief. Plaintiff also presented an application to proceed *in forma pauperis*. (Dkt. 1.) However, as discussed below, the Court recommends that plaintiff's application to proceed *in forma pauperis* be denied and this action dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) based upon plaintiff's failure to adequately allege a cause of action under § 1983.

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411

REPORT AND RECOMMENDATION
PAGE -1

U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Further, in *Heck v. Humphrey*, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994) (footnote omitted).

Here, plaintiff's assertion that the named defendants violated his constitutional rights by unlawfully incarcerating him constitutes a challenge to the fact and/or duration of his confinement – a challenge properly pursued through a writ of habeas corpus. *See Preiser*, 411 U.S. at 489-90. Therefore, plaintiff's § 1983 claim must be dismissed unless he can demonstrate that his conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 486-87. Here, plaintiff makes no allegation or showing that his confinement has been invalidated or impugned in any respect. Accordingly, plaintiff's claim for damages is not cognizable under § 1983.[1] *Heck*, 512 U.S. at 486-87.

A district court should not convert a defective § 1983 claim into a petition for a writ of habeas corpus unless it is clear that the plaintiff intends to bring a habeas petition. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Instead, the district court should dismiss the § 1983 claims without prejudice. *Id.*

Therefore, the Court recommends that plaintiff's application to proceed *in forma pauperis*

---

[1] It should also be noted that plaintiff may not bring a claim against the State of Washington under 42 U.S.C. § 1983 because states are not regarded as "persons" subject to suit under that statute. *See, e.g., Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993).

REPORT AND RECOMMENDATION
PAGE -2

be denied and his § 1983 action be dismissed without prejudice pursuant to § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

DATED this  8th  day of August, 2005.

_Mary Alice Theiler_
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3